UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.

LAFONTAINE CADILLAC,
BUICK, GMC, INC.,

      Defendant.
_____/

CASE NO.

Hon.

COMPLAINT
AND JURY DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to former employee William Tyler, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7-12 below, the Equal Employment Opportunity Commission alleges that Defendant, LaFontaine Cadillac, Buick, GMC, Inc., harassed Tyler on account of his race (African-American) despite his complaints.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant (the "Employer") has been a Michigan corporation doing business in the State of Michigan, Township of Highland, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, William Tyler ("Tyler") filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least June 2012, Defendant Employer has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Defendant subjected Tyler to constant racial slurs and race-based workplace harassment despite his complaints to his supervisors.

8.  Tyler worked as a detailer for Defendant Employer.

9.  On a daily basis he was subjected to racial slurs and jokes from his co-workers, and also learned that one co-worker (and later supervisor) was calling him "n---er" behind his back.

10.  He complained about the racial slurs and jokes to another manager, but the harassment continued.

11.  His former co-worker-turned-supervisor also harassed Tyler by assigning him the dirtiest and most time-consuming cars for detail work.

12.  Periodically, Tyler found that unknown persons in the department would sabotage his work by making his assigned vehicles dirty again, or locking the keys in the vehicle.

3

13. The effect of the unlawful conduct complained of in paragraphs 7 through 12 above has been to deprive Tyler of equal employment opportunities and otherwise adversely to affect his status as an employee.

15. The unlawful employment practices complained of in paragraphs 7 through 12 above were intentional.

16. The unlawful employment practices complained of in paragraph 7 through 12 above were done with malice or with reckless indifference to the federally-protected rights of Tyler.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in racial discrimination against its applicants and employees.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of race and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Tyler by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 12 above, including but not limited

to emotional distress, embarrassment, humiliation and inconvenience, in amounts to be proven at trial.

  D. Order Defendant Employer to make whole Tyler, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 12 above, including but not limited to uncovered medical expenses, in amounts to be proven at trial.

  E. Order Defendant Employer to pay Tyler punitive damages for its malicious or reckless conduct described in paragraphs 7 through 12 above, in amounts to be proven at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

            Respectfully submitted,

Dated:  March 19, 2014    s/ Laurie Young____
              LAURIE A.YOUNG
              Regional Attorney

5

        s/ Kenneth Bird   
        KENNETH BIRD
        Supervisory Trial Attorney

        s/ Dale Price_____
        DALE PRICE (P55578)
        Trial Attorney

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        DETROIT FIELD OFFICE
        Patrick V. McNamara Building
        477 Michigan Avenue, Room 865
        Detroit, Michigan  48226
        Telephone: (313)226-7808
        E-mail:  dale.price@eeoc.gov